IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cellomics, Inc., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>Molecular Devices Corporation, a Delaware Corporation, and Universal Imaging Corporation, a Pennsylvania Corporation,<br><br>    Defendants. | Cause No. _____<br><br>JURY TRIAL DEMANDED<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cellomics, Inc. ("Cellomics") hereby alleges and complains as follows:

### PARTIES

1. Cellomics is a Delaware Corporation with a principal place of business at 100 Technology Drive, Pittsburgh, Pennsylvania 15219.

2. Defendant Molecular Devices Corporation ("MDC") is a Delaware corporation with a principal place of business at 1311 Orleans Drive, Sunnyvale, California 94089, and registered to do business in Pennsylvania.

3. Defendant Universal Imaging Corporation ("UIC") is a Pennsylvania corporation with a principal place of business at 402 Boot Road, Downingtown, Pennsylvania 19335.

4. In 2002, MDC acquired UIC and UIC became a wholly owned subsidiary of MDC. Prior to that time, the defendants were separate, independent entities.

## JURISDICTION

5. This is a civil action brought by Cellomics for patent infringement committed by defendants and arising under the patent laws of the United States, specifically, Title 35 U.S.C. §§ 271, 281, 283, 284 and 285. Jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331 and 1338(a).

6. On information and belief, defendants MDC and UIC have transacted business, contracted to supply goods or services, and have otherwise purposely availed themselves of the privileges and benefits of the laws of the Commonwealth of Pennsylvania, and further, have caused harm or tortious injury in the Commonwealth by acts inside and outside of this Commonwealth, and therefore are subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k)(1)(A) and 42 Pa. C.S.A. 5322.

## VENUE

7. Venue in the Western District of Pennsylvania is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b), in that a substantial part of the events giving rise to Cellomics' claims occurred in this district, and/or the defendants reside in this district by virtue of their activities in this district, and/or the defendants have committed acts of patent infringement in this district.

## BACKGROUND

8. Cellomics manufactures and distributes systems for cell study and analysis, particularly systems for high content screening of cells.

9. Cellomics is the owner by assignment of United States Patent Nos. 5,989,835 (the '835 patent), 6,573,039 (the '039 patent), 6,620,591 (the '591 patent), 6,671,624 (the '624

patent), and 6,902,883 (the '883 patent). Copies of the '835, '039, '591, '624 and '883 patents are attached hereto as Exhibits A, B, C, D and E, respectively.

## FIRST CLAIM FOR RELIEF

### Infringement of United States Patent No. 5,989,835 by the Defendants

10. Cellomics hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 9 of this Complaint.

11. Having full knowledge of the '835 patent, MDC and UIC have sold and continue to sell systems intended for high content screening, and have provided and continue to provide instructions for the use of those systems, which use falls within the scope of one or more claims of the '835 patent, without authority or license from Cellomics, thereby actively inducing infringement of the '835 patent under 35 U.S.C. § 271(b). Those who follow the instructions directly infringe the '835 patent.

12. MDC and UIC have each induced infringement of the '835 patent under 35 U.S.C. § 271(b).

13. MDC and UIC have directly infringed the '835 patent under 35 U.S.C. § 271(a) at least during the process of creating the aforementioned instructions.

14. Cellomics has given notice to MDC and UIC of the '835 patent.

15. MDC's and UIC's infringement of the '835 patent is, has been, and continues to be willful and deliberate.

16. MDC and UIC will continue to infringe the '835 patent unless enjoined by this Court, which infringement has resulted and will continue to result in irreparable harm to Cellomics.

3

17. As a direct and proximate result of MDC's and UIC's infringement of the '835 patent, Cellomics has been and continues to be damaged in an amount yet to be determined.

## SECOND CLAIM FOR RELIEF

### Infringement of United States Patent No 6,573,039 by the Defendants

18. Cellomics hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 17 of this Complaint.

19. Having full knowledge of the '039 patent, MDC and UIC have sold and continue to sell systems intended for high content screening, and have provided and continue to provide instructions for the use of those systems, which use falls within the scope of one or more claims of the '039 patent without authority or license from Cellomics, thereby actively inducing infringement of the '039 patent under 35 U.S.C. § 271(b). Those who follow the instructions directly infringe the '039 patent.

20. MDC and UIC have each induced infringement of the '039 patent under 35 U.S.C. § 271(b).

21. MDC and UIC have directly infringed the '039 patent under 35 U.S.C. § 271(a) at least during the process of creating the aforementioned instructions.

22. Cellomics has given notice to MDC and UIC of the '039 patent.

23. MDC's and UIC's infringement of the '039 patent is, has been, and continues to be willful and deliberate.

24. MDC and UIC will continue to infringe the '039 patent unless enjoined by this Court, which infringement has resulted and will continue to result in irreparable harm to Cellomics.

4

25. As a direct and proximate result of MDC's and UIC's infringement of the '039 patent, Cellomics has been and continues to be damaged in an amount yet to be determined.

### THIRD CLAIM FOR RELIEF

**Infringement of United States Patent No. 6,620,591 by the Defendants**

26. Cellomics hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 25 of this Complaint.

27. Having full knowledge of the '591 patent, MDC and UIC have sold and continue to sell systems intended for high content screening, and have provided and continue to provide instructions for the use of those systems, which use falls within the scope of one or more claims of the '591 patent without authority or license from Cellomics, thereby actively inducing infringement of the '591 patent under 35 U.S.C. § 271(b). Those who follow the instructions directly infringe the '591 patent.

28. MDC and UIC have each induced infringement of the '591 patent under 35 U.S.C. § 271(b).

29. MDC and UIC have directly infringed the '591 patent under 35 U.S.C. § 271(a) at least during the process of creating the aforementioned instructions.

30. Cellomics has given notice to MDC and UIC of the '591 patent.

31. MDC's and UIC's infringement of the '591 patent is, has been, and continues to be willful and deliberate.

32. MDC and UIC will continue to infringe the '591 patent unless enjoined by this Court, which infringement has resulted and will continue to result in irreparable harm to Cellomics.

33. As a direct and proximate result of MDC's and UIC's infringement of the '591 patent, Cellomics has been and continues to be damaged in an amount yet to be determined.

### FOURTH CLAIM FOR RELIEF

**Infringement of United States Patent No. 6,671,624 by the Defendants**

34. Cellomics hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 33 of this Complaint.

35. Having full knowledge of the '624 patent, MDC and UIC have sold and continue to sell systems intended for high content screening, and have imported into the United States and/or manufactured and/or sold software and continue to manufacture and sell software that facilitates the operation of those systems, which software falls within the scope of one or more claims of the '624 patent, without authority or license from Cellomics, thereby infringing the '624 patent under 35 U.S.C. § 271(a).

36. MDC and UIC have imported into the United States and/or have made and/or sold and/or offered to sell products falling within the scope of one or more claims of the '624 patent, without license from Cellomics in violation of 35 U.S.C. § 271(a) and/or have induced infringement under § 271(b).

37. Cellomics has given notice to MDC and UIC of the '624 patent.

38. MDC's and UIC's infringement of the '624 patent is, has been, and continues to be willful and deliberate.

39. MDC and UIC will continue to infringe the '624 patent unless enjoined by this Court, which infringement has resulted and will continue to result in irreparable harm to Cellomics.

6

40. As a direct and proximate result of MDC's and UIC's infringement of the '624 patent, Cellomics has been and continues to be damaged in an amount yet to be determined.

### FIFTH CLAIM FOR RELIEF

**Infringement of United States Patent No. 6,902,883 by the Defendants**

41. Cellomics hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 40 of this Complaint.

42. Having full knowledge of the '883 patent, MDC and UIC have sold and continue to sell systems intended for high content screening, and have provided and continue to provide instructions for the use of those systems, which use falls within the scope of one or more claims of the '883 patent, without authority or license from Cellomics, thereby actively inducing infringement of the '883 patent under 35 U.S.C. § 271(b). Those who follow the instructions directly infringe the '883 patent.

43. MDC and UIC have each induced infringement of the '883 patent under 35 U.S.C. § 271(b).

44. MDC and UIC have directly infringed the '883 patent under 35 U.S.C. § 271(a) at least during the process of creating the aforementioned instructions.

45. Cellomics has given notice to MDC and UIC of the '883 patent.

46. MDC's and UIC's infringement of the '883 patent is, has been, and continues to be willful and deliberate.

47. MDC and UIC will continue to infringe the '883 patent unless enjoined by this Court, which infringement has resulted and will continue to result in irreparable harm to Cellomics.

7

48. As a direct and proximate result of MDC's and UIC's infringement of the '883 patent, Cellomics has been and continues to be damaged in an amount yet to be determined.

**PRAYER FOR RELIEF**

WHEREFORE, Cellomics prays for relief against MDC and UIC as follows:

A. For a judgment holding MDC and UIC jointly and severally liable for infringement of the '835 patent, the '039 patent, the '591 patent, the '624 patent, and the '883 patent;

or in the alternative,

for a judgment holding each of MDC and UIC liable for infringement of the '835 patent, the '039 patent, the '591 patent, the '624 patent, and the '883 patent;

B. For an award of damages adequate to compensate for MDC's and UIC's infringement of the '835 patent, the '039 patent, the '591 patent, the '624 patent, and the '883 patent, including treble damages and other damages allowed by 35 U.S.C. § 284;

C. For an injunction enjoining MDC and UIC, their officers, agents, servants, employees and attorneys and all other persons in active concert or participation with them from further infringement of the '835 patent, the '039 patent, the '591 patent, the '624 patent, and the '883 patent.

D. That MDC and UIC be ordered to deliver up for destruction all infringing products in their possession;

F. That this be declared an exceptional case and that Cellomics be awarded its attorneys fees against MDC and UIC pursuant to 35 U.S.C. § 285;

G. For an award of Cellomics' costs of this action; and

H.  For such further relief as this Court deems Cellomics may be entitled to in law and in equity.

## JURY DEMAND

Cellomics hereby demands a trial by jury of those issues triable to a jury.

DATED this 27th day of January, 2006.

**Babst, Calland, Clements & Zomnir, P.C.**

Two Gateway Center, 8th Floor
Pittsburgh, PA 15222
(412) 394-5400 - Telephone
(409) 394-6576 - Telecopier

By:  /s/ James V. Corbelli
  James V. Corbelli
  PA I.D. No. 56671
  e-mail:  jcorbelli@bccz.com

**WORKMAN NYDEGGER**

1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah  84111
(801) 533-9800 - Telephone
(801) 321-1707 - Facsimile

  Larry R. Laycock (Utah Bar No. A4868)
  e-mail:  llaycock@wnlaw.com
  (pro hac vice motion to be filed)
  David R. Wright (Utah Bar No. A5164)
  e-mail:  dwright@wnlaw.com
  (pro hac vice motion to be filed)
  C.J. Veverka (Utah Bar No. A7110)
  e-mail:  cveverka@wnlaw.com
  (pro hac vice motion to be filed)
  William R. Richter (Utah Bar No. 9107)
  e-mail:  wrichter@wnlaw.com
  (pro hac vice motion to be filed)

  Attorneys for Plaintiff Cellomics, Inc.